**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| CHARLES DOUGLAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:07-CV-70-TS |
| | ) | |
| WILLIAM WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Charles Douglas, a prisoner committed to the Indiana Department of Correction ("IDOC"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 dealing with the loss of earned credit time in a prison disciplinary hearing. According to the Report of Investigation, a correctional officer observed the Petitioner pass a cell phone to another inmate, and the Petitioner subsequently admitted that he passed the cell phone because he did not want to be caught with it. (Report of Investigation at 1, DE 11-2.) Institutional investigator Rhonda Vega charged the Petitioner with trafficking. (Report of Conduct at 1, DE 11-2.) On November 27, 2006, a disciplinary hearing board ("DHB") found the Petitioner guilty, imposed a loss of one hundred and six days of earned credit time, and demoted him to a lower credit time earning classification. (Report of Disc. Hr'g at 1, DE 11-8.) He appealed unsuccessfully to the Superintendent and the final reviewing authority.

When prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact

finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 559 (1974). There also must be "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

The petitioner first argues in his petition for writ of habeas corpus that there were violations of IDOC policy during the disciplinary proceeding. He next asserts that there was an insufficient factual basis for the charge against him. His third argument is that there was insufficient evidence to support the finding of guilt. In his fourth argument, he asserts that he was denied "evidence essential to his cause." (Petition at 4, DE 1.) In his first and third arguments, the Petitioner also suggests that the DHB Chairman was not an impartial fact finder.

In his first argument, the Petitioner alleges that the DHB did not conduct "the hearing within the time allotted by policy" and that there were other defects in the proceedings based on IDOC policy. (Petition at 4, DE 1.) Even if the hearing was conducted beyond the time limits established by policy, and even if there were other procedural defects, the petition states no claim upon which habeas corpus relief can be granted. Due process requires that a prisoner charged with a disciplinary offense be given "advance written notice of the charges against [him] at least twenty-four hours before the hearing."*Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994) (citing *Hill*, 472 U.S. at 454). *Wolff v. McDonnell* does not establish that prisoners are entitled to have the hearing within a certain time of the incident. 418 U.S. at 539.

The IDOC policy that the Petitioner relies on was created under authority of state law. Violations of state law do not entitle prisoners to habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62 (1991). A violation of IDOC rules states no claim for habeas corpus relief. *Hester v. McBride*, 966 F.Supp. 765, 774–75 (N.D. Ind. 1997). In his traverse, the Petitioner cites the

2

Court to *Forbes v. Trigg*, 976 F.2d 308 (7th Cir. 1992). But *Forbes* does not stand for the proposition that a violation of IDOC policy establishes a due process violation. Rather, *Forbes* held that a particular IDOC policy allowing an inmate witnesses to refuse to provide statements when requested by an inmate violated *Wolff v. McDonnell*'s command that inmates be allowed to present exculpatory evidence. *Id.* at 317.

In arguments one and three, the Petitioner asserts that the DHB Chairman was a member of the custody staff, and the Petitioner therefore asks "how could [he] be fair and impartial?" (Petition at 4, DE 1). The Petitioner did not present this claim in his administrative appeal. (Disc. Hr'g Appeal at 1–4, DE 11-9).

Before a habeas petitioner may present his claims to this Court, he must have exhausted the issues he presents in his petition, as required by 28 U.S.C. § 2254(b)(1)(A). That statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Failure to exhaust available state court remedies constitutes a procedural default. *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before seeking federal review of these claims. *Id.* at 844.

The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). Failure to raise an issue on appeal to the Indiana Department of Correction's final reviewing authority is a waiver of the claim. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). Because he has not exhausted his administrative remedies on the question of a fair and impartial hearing officer, the Petitioner may

not present that claim in this petition. *Markham*, 978 F.2d at 994–95; *Eads*, 280 F.3d at 729.

Even if the Petitioner had exhausted this claim, he would not be entitled to relief on this ground. Due process requires that decision makers in prison disciplinary proceedings be impartial and have no direct personal involvement in the incident that forms the subject of the hearing. *Wolff*, 418 U.S. at 592; *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983). *Wolff* does not guarantee that a prisoner will have hearing officers who are not prison employees. What *Wolff* does guarantee is that the author of the conduct report or someone involved in investigating the incident cannot serve on the hearing board. *Redding*, 717 F.2d at 1113. Nothing the Petitioner has submitted supports an allegation that the members of his DHB were not impartial within the meaning of *Wolff v. McDonnell*.

In his second argument, the Petitioner asserts that there was insufficient evidence to support the charge of trafficking, and that "there is no preponderance of evidence" supporting the charge. (Petition at 4, DE 1). But the preponderance of the evidence standard has no application to this petition. The standard applied to habeas petitions dealing with the loss of earned credit time is the "some evidence" standard, which requires only that there must be "some evidence" in the administrative record to support the decision of the prison disciplinary board. *Hill*, 472 U.S. at 455. This is a lenient standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* (citing *Hill*, 472 U.S. at 457). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."*Id.* (citing *Hill*, 472 U.S. at 455–56).

IDOC prohibits cell phones and considers them contraband. Any cell phones found in an inmate's possession necessarily came into the facility from outside the facility through trafficking. Accordingly, the fact that correctional officers found the Petitioner in possession of a cell phone is some evidence that he engaged in trafficking. *See Hamilton v. O'Leary*, 976 F.2d 341 (7th Cir. 1992) (holding that an inmate constructively possessed a weapon found in his cell that he shared with three other inmates). Prison officials do not have to catch an inmate in the act of trafficking in order to find him guilty, nor do they need to produce evidence establishing how or when he engaged in trafficking.

In his fourth argument, the Petitioner alleges that he "was denied the presentation of statement[s] from witnesses relative to the charge of trafficking." (Petition at 4, DE 1). The Respondent asserts that the Petitioner did not present this argument in his administrative appeal, and the administrative record confirms that he did not argue this issue in his administrative appeal. (Disc. Hr'g Appeal at 1–4, DE 11-9). Because he has not exhausted his administrative remedies on this issue, the Petitioner may not present that claim in this petition. *Markham*, 978 F.2d at 994–95; *Eads*, 280 F.3d at 729. In any event, when he was screened, the Petitioner was given the opportunity to request witnesses or evidence, but he stated that he did not wish to call witnesses or request any physical evidence. (Notice of Disc. Hr'g at 1, DE 11-6). Accordingly, the DHB did not deny him the right to present witness statements, as the Petitioner did not ask to have witness statements collected.

For the foregoing reasons, the Court **DENIES** this petition.

SO ORDERED on January 3, 2008.

                                        s/ Theresa L. Springmann

5

              THERESA L. SPRINGMANN
              UNITED STATES DISTRICT COURT
              FORT WAYNE DIVISION